UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-197-FDW

| DONNIE S. CARPENTER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| DENNIS HARRIS, Police Officer;<br>TIMOTHY S. KINCAID, Judge, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

On April 21, 2005, Plaintiff was sentenced in Lincoln County Superior Court to a consolidated term of 11 to 14-months' imprisonment following his conviction on one count of felony possession with intent to sell and deliver cocaine and one felony count of possession with intent to sell and deliver marijuana. Petitioner appealed to the North Carolina Court of Appeals and raised two issues: (1) the trial court erred in denying his motion to suppress evidence of contraband discovered during a search of his person; and (2) the trial court erred in admitting evidence of a prior drug sale because the evidence was offered solely to demonstrate his propensity to commit a crime and he argued that the evidence was unduly prejudicial.

On August 1, 2006, in a 2-1 decision, the majority rejected both claims and affirmed his

---

[1] Plaintiff is presently detained in the Lincoln County Detention Center on several misdemeanor charges. The Court has examined Plaintiff's prisoner trust account and affidavit and finds that he does not have sufficient funds to pay the filing fee at this time, therefore his application to proceed *in forma pauperis* will be granted.

1

judgment. The dissenting opinion agreed that the order denying the motion to suppress should be upheld, but disagreed that there was no prejudicial error in the admission of Petitioner's prior cocaine sale which was made to an undercover officer. State v. Carpenter, 632 S.E.2d 538 (N.C. Ct. App. 2006).[2] Plaintiff appealed to the Supreme Court of North Carolina solely on the issue of whether the admission of evidence of the prior drug sale was overly prejudicial. The court found that it was and reversed the court of appeals opinion on that issue and remanded for a new trial in an opinion issued on June 28, 2007.[3] State v. Carpenter, 646 S.E.2d 105 (N.C. 2007).[4]

## II. DISCUSSION

According to Plaintiff's complaint, he was a passenger in a car that was stopped by Officer Harris while they were driving in Lincoln County. Officer Harris spoke with the driver who admitted that he had consumed some alcohol, but the officer declined to perform a field sobriety test or require the driver to submit to a breathalyzer. The passengers were ordered to exit the vehicle and Officer Harris proceeded to search Plaintiff's pockets and "remove the contents thereof." Plaintiff was handcuffed and his boot was removed and he was further searched for contraband. Plaintiff was arrested and later indicted on March 15, 2009, and convicted of the felony drug possession with intent to deliver charges as detailed above.

Plaintiff argues that his Fourth Amendment right to be free an unreasonable search and seizure was violated, as those rights are explained in Terry v. Ohio, 392 U.S. 1 (1986), during the seizure and search of his person following the traffic stop on March 11, 2004, and that the resulting

---

[2] The three judge panel found that Officer Davis was justified in stopping the vehicle based on his observation that the driver crossed the center line. After Officer Davis approached the vehicle he detected a strong odor of marijuana coming from the vehicle and the court found that the subsequent search of the Plaintiff was therefore proper.

[3] Under North Carolina law, a defendant may appeal as a matter of right when there is a dissenting opinion in the court of appeals. See N.C. Gen. Stat. § 7A-30(2).

[4] According to the website of the North Carolina Department of Public Safety, Petitioner was released from custody on March 25, 2006, while his appeal was pending before the North Carolina Supreme Court. In his complaint, Plaintiff contends that he was never retried after the Supreme Court remanded his case for a new trial because the Lincoln County District Attorney believed it would not be in the interests of justice.

evidence which was discovered should have been suppressed. (5:14-cv-197, Doc. No. 1 at 4). Plaintiff argues that his constitutional rights were further violated because "the record is void of my evidentiary hearing" and that he was in fact denied an evidentiary hearing. (Id.). Plaintiff raised the substance of this argument on appeal, however the court of appeals rejected it and found the trial court, the Honorable Timothy S. Kincaid presiding, did in fact hold a suppression hearing, and "that the trial court entered a detailed order containing findings of fact and conclusions of law." Carpenter, 632 S.E.2d at 540. The court also observed that Plaintiff failed to assign error to any of the trial court's findings of fact and consequently those findings of fact were binding on appeal and the court ultimately upheld the trial court's order denying Plaintiff's pretrial motion to suppress. (Id.). Plaintiff also renews his argument that the trial court erred in admitting evidence of his prior cocaine sale during his trial. Plaintiff seeks monetary damages against Officer Davis and Judge Kincaid on the Fourth Amendment claims, and monetary damages against Judge Kincaid for the admission of evidence at trial related to his prior cocaine sale to an officer.

Plaintiff's claims for relief must fail.[5] First, Plaintiff cannot recover monetary damages from Judge Kincaid based on his judicial immunity because there is but no question that he was acting in his judicial capacity when he ruled on the motion to suppress and allowed testimony regarding Plaintiff's prior cocaine sale. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). For these reasons, Plaintiff's claims here will be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, Plaintiff's claim against Officer Davis will be dismissed because he fails to state a claim upon which relief may be granted. See id. § 1915(e)(2)(B)(ii). Although Plaintiff contends that the search and seizure was in violation of his Fourth Amendment rights, the trial court

---

[5] A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

3

disagreed and this conclusion of law was upheld by the three judge panel of the court of appeals. Moreover, Plaintiff did not object on appeal to the findings of fact that were made by the trial court, thus he is therefore bound by those findings which concluded that there was probable cause to search the Plaintiff.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's complaint will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **ALLOWED.** (Doc. No. 2)

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 18, 2014

_____
Frank D. Whitney
Chief United States District Judge